UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-408-KKC

HASSAAN HAAKIM RASHAAD                                                                PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

HARLEY LAPPIN, ET AL                                                                      DEFENDANTS

   Hassaan Haakim Rashaad, the *pro se* plaintiff, is confined in the United States Penitentiary McCreary ("USP-McCreary") located in Pine Knot, Kentucky. He has filed a prisoner *pro se* civil rights action pursuant to 28 U.S.C. § 1331, under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff has also filed an "Application to Proceed *In Forma Pauperis*," [Record No.2]. The Court has addressed that motion by prior Order.

   This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

   Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

   This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are Harley Lappin, Director of the Bureau of Prisons ("BOP"), and Terry O'Brien, Warden of USP-McCreary.

## CLAIMS

The plaintiff complains that the BOP has improperly established, and imposed against him, a payment schedule pursuant to the Inmate Financial Responsibility Program ("IFRP"),28 C.F.R. § 545.10-545.11.[1]

The plaintiff challenges the validity of the IFRP, its application to him, and its effect on the execution of the portion of his criminal sentence requiring him to pay restitution. The BOP implemented the IFRP in 1987 to encourage federal inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10. Plaintiff argues that the IFRP payment schedule violates the judgment in his criminal case, because it orders restitution to be paid in installments after his

---

[1] Plaintiff states that he was convicted in an unspecified federal court on October 24, 2002. He does not identify the location of that federal court, stating only that Judge Lacy H. Thornburg sentenced him in case 3:01-CR-195-LT. Plaintiff did allege that when Judge Thornburg imposed his sentence (again, not specified), he assessed court fees and "restitution in the amount of $1,400.00 and $17. 026.57, respectively." [Record No. 1, p.2]. The plaintiff attached what appears to Page 5 of a Sentencing Order, but no case number is stated on the document [Record No. 1-2, pp.1-3]. Plaintiff further alleged in his complaint:

> "These amounts were to be paid immediately or is unable to do so, obligated plaintiff to pay 'monthly installments of not less than $50.00 to commence 60 days after his release from imprisonment.'"

[Record No. 1, p.2]

2

release from prison [Record No. 3, p.1, n. 2].

### RELIEF REQUESTED

The plaintiff demands "compensatory damages in the amount taken from the plaintiff's inmate account, to include past, present, and amounts taken after the instituting of this action." [Complaint, p.3]. He also demands "declaratory relief" and an "injunction." [*Id*., p.1].

### DISCUSSION
### 1. Exhaustion Results

The plaintiff has fully exhausted his objections regarding the IFRP payment schedule. On January 7, 2007, Warden O'Brien denied the plaintiff's BP-9 appeal, noting that as follows:

> A review of your request reveals, according to Program Statement 5380.08, Inmate Financial Responsibility Program (IFRP), "The Victim and Witness Protection Act of 1982, the Victims of Crime Act of 1984, the Comprehensive Crime Control Act of 1984, and the Federal Debt Collection Procedures Act of 1990" require a diligent effort on the part of all law enforcement agencies to collect court-ordered financial obligations." The IFRP is a reasonable and diligent effort by the Federal Bureau of Prisons to meet this requirement.
>
> Additionally, the IFRP Program Statement states, "The Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility. The provisions of this rule apply to all inmates in federal facilities, except: study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Your case indicates you are not exempt from participating in the IFRP. Therefore, you are responsible for making payments in accordance with your level of responsibility and to meet your court ordered financial obligations*.

[Record No. 12-2, p.5]{Emphasis added}.

On February 23, 2007, K. M. White, Regional Director of the BOP's Mid-Atlantic

3

Regional Office, denied the plaintiff's BP-10 appeal for the same reasons. White noted that the plaintiff has court-ordered obligations, and that although participation in the IFRp is voluntary, refusal to participate would subject the plaintiff to consequences [Record No. 12-2, p.7].[2]

Finally, on May 11, 2007, Harrell Watts, the National Inmate Appeals Administrator, rejected the plaintiff's BP-11 appeal. Watts upheld the prior decisions of both Warden O'Brien and K. M. White on the issue of the IFRP payment schedule, and the consequences of the plaintiff's decision not to participate [Record No. 12-2, p.9].[3]

## 2. Analysis of the Claim on the Merits

The Court agrees with all aspects of the decision of the BOP officials in response to the plaintiff's objections to the IFRP payment schedule. Simply put, Plaintiff Rashaad's complaint fails to state a valid claim for relief.

Rashaad argues that the BOP does not have authority to set payment amounts and require that they be made toward his restitution obligation through the IFRP. He also contends that he should be allowed to withdraw from the IFRP without suffering any loss of privileges or benefits

---

[2] A prisoner's refusal to participate in the IFRP or his noncompliance with a financial plan can result in the denial of various privileges and incentives. 28 C.F.R. §545.11(d). These adverse consequences are set forth in the list attached as Record No. 12-2, p.13.

[3] Watts stated as follows in his denial:

Program Statement 5280.07, Financial Responsibility Program, Inmate (IFRP), establishes the procedure by which an inmate may make effort toward meeting their legitimate financial obligations. Payment amounts are based on a formula contained within this Program Statement which considers all monies received. Upon sentencing, assessments of $50.00 and $1400.00 were imposed, as was restitution in the amount of $17026.57. The payment amounts recommended by your unit team have been derived in a manner consistent with policy. *The courts have upheld the authority of the Bureau of Prisons to collect court-ordered financial obligations through the IFRP and have consistently found that the IFRP procedures are lawful and Constitutional.*

[*Id*.] {Emphasis Added}

4

which can only come from participation in the IFRP. The Court rejects both arguments.

As for the petitioner's first claim, the Court notes that some cases, relying on 18 U.S.C. §3572(d), have reversed the delegation of authority to the BOP to establish the amount and timing of fines or restitution, *United States v. Coates*, 178 F.3d 681, 684-85 (3rd Cir. 1999); *United States v. Workman*, 110 F.3d 915, 918 (2d Cir. 1997), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Miller*, 77 F.3d 71, 78 (4th Cir. 1996).

The Sixth Circuit Court of Appeals has specifically declined to adopt this rationale. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001). Moreover, the cases from the other jurisdictions are distinguishable because in the instant proceeding, the plaintiff does not allege that his sentencing judge delegated the responsibility of setting a collection schedule to anyone. He alleges only that the trial court set the amount of restitution, which he states was to be paid only after release from custody.

However, the fragment of the Sentencing Order attached to the complaint clearly indicates that the "criminal monetary penalty" is to be paid *either* immediately *or* 60 days after release from imprisonment. The sentencing judge (presumably Judge Thornburg) marked both boxes, "A" (immediate payment) **and** "D" (payment after release). [Record No. 1-2 , p.1].

Thus, there is nothing in the record to suggest that there was an improper delegation to the BOP. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998) (holding that the BOP can administer collection through the IFRP where a sentencing court orders fine and special assessment due "in full immediately"). *See also Hudson v. True*, 1999 WL 1285832 (D. Kan. December 23, 1999) (Only Westlaw citation currently available) ("There is no improper

delegation of authority shown by this record and even if there were, it would not be actionable in this §2241 petition.").

As for the plaintiff's argument that his decision not to participate in the IFRP is not truly voluntary, and that it is in effect coercive participation, the Court flatly rejects that argument as invalid. In *Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir.), *cert denied*, 498 U.S. 819 (1990), the IFRP was upheld because it "serves a valid penological objective of rehabilitation by facilitating repayment of debts," and "is fully consistent with the Bureau of Prisons' authorization, under direction of the Attorney General, to provide for rehabilitation and reformation."

The *Johnpoll* court further concluded that participation in the program is neither punitive in nature nor violative of due process because it is "reasonably related" to the legitimate governmental objective of rehabilitation. *Johnpoll*, 898 F.2d at 851.

General and constitutional challenges to the IFRP have been rejected by other courts as well, the courts having ruled that the IFRP clearly serves valid penological interests of rehabilitation and that the requirements of an inmate choosing between participation in the program or risking significant reduction in his employment or income does not violate a prisoner's constitutional rights. *See United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (restitution orders may be satisfied through IFRP); *Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998), *cert. denied*, 119 S.Ct. 1505 (1999) (IFRP requiring inmate to pay court-imposed fines not unconstitutional); *Muhamad v. Moore*, 760 F. Supp 869, 871 (D. Kan. 1991) (IFRP requirements do not violate constitutional rights); *James v. Quinlan*, 866 F.2d 627, 630

6

(3rd Cir.), *cert. denied*, 493 U.S. 870 (1989); *Prows v. Department of Justice*, 938 F.2d 274 (D.C. Cir. 1991); *Dorman v. Thornburgh*, 955 F.2 57 (D.C. Cir. 1992) (rejecting both the due process and excessive punishment claims of a prisoner who was removed from his work assignment because he refused to participate in the IFRP); *Solis v. Menifee*, 2000 WL 1401633 (S.D. N.Y. 2000) (Only Westlaw citation currently available) (where prisoner raised due process and argued that IFRP participation was coercive and involuntary, the district court disagreed, holding that where the sentencing court imposed a fine and elected not to establish scheduled payments, it delegated none of its functions and powers, and it was therefore within the BOP's discretion to decide that a prisoner who refused participation in the IFRP was not a good candidate for certain privileges or rehabilitation programs).[4]

This Court agrees with the reasoning of these cases and finds them applicable to the instant complaint. The Court dismisses the instant *Bivens* complaint with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii).

## CONCLUSION

Accordingly**, IT IS ORDERED** as follows:

(1)    This action is **DISMISSED WITH PREJUDICE** from the docket of the Court.

---

[4] The district court stated as follows:

"Consequently, though Mr. Solis faces the loss of some prviledges should he forego participation in the IFRP, those consequences do not fall under the scope of this Court's review pursuant to 28. U. C. §2241. *See, e.g., Santiago v. Superintendent of the Ossing Correctional Facility*, 2000 WL 1277306 (S.D. N.Y. July 21, 2000) ("In conducting Habeas Review, a federal judge is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (Citing 28 U.S.C. § 2241, and *Rose v. Hodges*, 423 U.S. 19, 21 (1975)."

*Solis*, at *2.

(2)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Dated this 2nd day of January, 2008.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**